**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CERES MARINE TERMINALS,
INCORPORATED,
Petitioner,

v.

No. 97-2767

HAYWOOD L. KNIGHT; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(97-475)

Submitted: August 4, 1998

Decided: August 19, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert A. Rapaport, CLARKE, DOLPH, RAPAPORT, HARDY, &
HULL, P.L.C., Norfolk, Virginia, for Petitioner. John H. Klein, RUT-
TER & MONTAGNA, L.L.P., Norfolk, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ceres Marine Terminals Inc. ("Employer") petitions for review of a Benefits Review Board ("BRB") order affirming an Administrative Law Judge's ("ALJ") decision to award Haywood L. Knight workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901-950 (West 1986 & Supp. 1998) ("LHWCA"). On appeal, Employer maintains that the ALJ erred in finding that Employer failed to establish suitable alternate employment. Finding no error, we affirm.

Knight, fifty-four years old at the time the hearing was held on his claim, is a high school graduate with one year of college. In training to be a longshoreman, Knight attended welder, burner, and refrigeration school. He worked for Employer for approximately sixteen years as a container repairman. It is undisputed that Knight developed carpel tunnel syndrome during this time. Knight also has a non work-related diabetic neuropathy which causes the numbing of his fingertips, impairing his fine motor skills. From April 16, 1992, to May 13, 1992 and from January 11, 1994, to February 20, 1995, Employer voluntarily paid Knight temporary total disability benefits. Employer further compensated Knight for a seven percent permanent partial disability of both hands based on the impairment reading of his treating physician, Dr. Gwathmey.

Knight filed a claim for permanent total disability benefits in 1992. After a hearing held on June 3, 1996, the Administrative Law Judge awarded Knight permanent total disability benefits beginning February 21, 1995, finding that Employer failed to establish the availability of suitable alternate employment. The BRB affirmed the ALJ's finding and his subsequent award of permanent total disability benefits. Employer timely petitioned this court for review.

2

This court's review of the Board's decisions under the LHWCA is limited to a search for errors of law and deviations from the statutory conclusiveness afforded to those factual findings by the ALJ that are supported by substantial evidence. See 33 U.S.C. § 921(b)(3) (1994); Newport News Shipbuilding & Dry Dock Co. v. Tann, 841 F.2d 540, 543 (4th Cir. 1988). Substantial evidence is described as "more than a scintilla but less than a preponderance," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Elliott v. Administrator, Animal & Plant Health Inspection Serv., 990 F.2d 140, 144 (4th Cir. 1993) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Further, this court must defer to the ALJ's credibility determinations and inferences from the evidence, despite the fact that more reasonable conclusions might be drawn from the evidence. See Tann, 841 F.2d at 543; see also Kellough v. Heckler, 785 F.2d 1147, 1150 n.3 (4th Cir. 1986) (appellate deference accorded to ALJ's findings of fact).

To qualify for disability benefits under the LHWCA, Knight must establish his inability to return to his regular and usual employment. See Tann, 841 F.2d at 542. It is undisputed that Knight is unable to return to his employment as a container repairman; thus Knight meets his burden of showing disability. Employer can rebut this presumption, however, by proving suitable alternative employment. Id. In order to meet this burden, an employer must establish realistically available job opportunities, within the geographical area where the employee resides, which he is capable of performing, considering his education, age, work experience, and which he could secure if he diligently tried. See See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 380 (4th Cir. 1994); Trans-State Dredging v. Benefits Review Bd., 731 F.2d 199, 201 (4th Cir. 1984).

In this case, the ALJ discredited the job opportunities proffered by Employer because they did not accurately reflect Knight's physical limitations as suggested in his treating physician's initial physical capacities evaluation and in the results of a manual dexterity test. In his initial physical capacities evaluation of Knight, Dr. Gwathmey, restricted Knight to occasional lifting over five pounds, no lifting over ten pounds, no use of vibrating tools, no climbing, no temperature extremes, and no repetitive reaching, handling or repetitive usage of a keyboard and cash register. The manual dexterity tests placed claim-

3

ant in the first percentile of each test. Based on these evaluations, the ALJ discredited the labor market survey offered by Employer. The ALJ further discredited the five jobs approved by Dr. Gwathmey, because they did not fall within the physical restriction set out in his initial evaluation. Moreover, the ALJ found numerous inconsistencies in the labor market survey concerning Knight's limitations. Based on these findings and his credibility determinations, the ALJ concluded that Employer did not establish the availability of suitable alternate employment.

We find the ALJ's decision supported by substantial evidence and therefore affirm the BRB's order affirming the ALJ's award of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED